IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEFF P. MARTINEZ,<br><br>        Plaintiff,<br><br><br>  v.<br><br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>        Defendant. | Case No. 2:10-cv-857-SA<br><br><br><br><br>**MEMORANDUM DECISION AND<br>ORDER GRANTING EAJA MOTION<br>FOR ATTORNEY FEES** |

On July 18, 2011, the court issued a memorandum decision and order ("Order") reversing the Commissioner's decision and remanding this case for further administrative proceedings. (Doc. 18.)  On October 14, 2011, Plaintiff Jeff P. Martinez filed an application for attorney fees under the Equal Access to Justice Act ("EAJA") (Doc. 20), which the Commissioner opposes. That application is now before the court.  Having carefully reviewed the parties' pleadings, the court grants Plaintiff's application as specified below.[1]

**ANALYSIS**

The EAJA provides for an award of attorney fees and other expenses to a prevailing party as follows:

---

[1]Pursuant to Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further provides that

> [a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.  Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

*Id.* § 2412(d)(1)(B).

> [T]he Commissioner ha[s] the burden of proof to show that [his] position was substantially justified.  The test for substantial justification in this circuit is one of reasonableness in law and fact.  Thus, the [Commissioner's] position must be justified to a degree that could satisfy a reasonable person.  The [Commissioner's] position can be justified even though it is not correct.

*Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotations and citations omitted).

Plaintiff asserts that he is entitled to attorney fees because he is the prevailing party and the Commissioner's position in this case was not substantially justified.  The Commissioner disputes that assertion.  The Commissioner argues that his position in this case was substantially justified.  The Commissioner asserts that it was reasonable to argue that the ALJ adequately considered the

2

vocational report and implicitly rejected it for the same reasons that he rejected the treating

physician's opinions.  (Doc. 21, at 4, 6.)

Having carefully considered the parties' arguments, the court concludes that the

Commissioner's position in this case was not substantially justified and that Plaintiff's application

for EAJA attorney fees should be granted.  As explained in the court's Order, Tenth Circuit case

law explicitly requires that a report from another agency, such as the one at issue in this case, must

be considered *and discussed* in the ALJ's decision.  In *Grogan v. Barnhart*, the Tenth Circuit

explained:

> Although another agency's determination of disability is not
> binding on the Social Security Administration, 20 C.F.R. § 416.904,
> it is evidence that the ALJ must consider and explain why he did not
> find it persuasive.  *Baca v. Dep't of Health & Human Servs.*, 5 F.3d
> 476, 480 (10th Cir. 1993) ("Although findings by other agencies are
> not binding on the Secretary, they are entitled to weight and must be
> considered.") (quotation omitted); *see also* 20 C.F.R. §
> 416.912(b)(5) (defining the disability determinations of other
> agencies as evidence to be considered by the Social Security
> Administration). . . .
>
> . . . "[T]he district court may not create post-hoc
> rationalizations to explain the Commissioner's treatment of
> evidence when that treatment is not apparent from the
> Commissioner's decision itself.  *See, e.g., Allen v. Barnhart*, 357
> F.3d 1140, 1145 (10th Cir. 2004); *SEC v. Chenery Corp.*, 318 U.S.
> 80, 87 (1943). . . .
>
> We therefore hold that the ALJ's failure to discuss the
> significance of the VA's disability evaluation . . . was reversible
> error.  *See Clifton*, 79 F.3d at 1010; *Washington*, 37 F.3d at 1440.

399 F.3d 1257, 1263 (10th Cir. 2005).  Thus, as the court explained in its Order, *Grogan* requires

the ALJ to consider a state agency report such as the one at issue.  It also disallows the court from

engaging in post-hoc rationalization to explain how the ALJ treated the report.  *See also Robinson*

*v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (explaining that magistrate judge erred in

3

upholding decision by supplying possible reasons for weight given to a report).  As a result, the court concludes that the Commissioner's position that the court should engage in post-hoc rationalization to explain how the ALJ treated the report was not substantially justified.

The court next turns to the amount that should be awarded.  Plaintiff initially requested $4,564.19.  (Doc. 20.)  After the Commissioner challenged that amount, Plaintiff agreed that his fee calculation should be reduced to the maximum amount permitted under the EAJA (Docs. 21, at 6-7; 22, at 3-4).  *See* 28 U.S.C. § 2412(d)(2)(A)(ii).  The parties agree that the fee rate should be reduced to a 2010 hourly rate of $175.45 and a 2011 hourly rate of $179.59.  (Docs. 21, at 8; 22, at 3.)  Thus, the parties agree that Plaintiff's requested amount should be reduced to $4,440.64.  (Docs. 21, at 8; 22, at 3.)  Further, the court also awards the requested additional amount of $520.81 for time expended defending the fee request.  (Doc. 22, at 3.)  That figure is based on a 2011 hourly rate of $179.19 X 2.9 hours.  Therefore, the total fee awarded to Plaintiff is $4,961.45.

Finally, Plaintiff has provided the court with Plaintiff's Affidavit and Assignment of EAJA Attorney Fees.  (Doc. 22-2.)  Nevertheless, the court concludes that Tenth Circuit case law requires that any award of EAJA fees must be paid directly to Plaintiff rather than to Plaintiff's counsel.  *See Brown v. Astrue*, 271 Fed. App'x 741, 743 (10th Cir. 2008) (unpublished) ("The district court correctly held that [the plaintiff's] assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him.  Thus, the district court correctly declined to award the fees directly to counsel."); *Manning v. Astrue*, 510 F.3d 1246, 1249-55 (10th Cir. 2007) (holding, based on statutory language, legislative history, and case law, that an attorney fee award under the EAJA is to the prevailing party and not to the prevailing party's counsel).

## ORDER

Based on the above analysis, Plaintiff's application for attorney fees under the EAJA is

**GRANTED IN PART** and **DENIED IN PART**.  As explained above, Plaintiff is awarded EAJA

fees, but at a reduced hourly rate than the rate requested in his motion.  Thus, **IT IS HEREBY**

**ORDERED** that within thirty (30) days of the date of this order, the Commissioner shall pay an

EAJA attorney fee award of $4,961.45 directly to Plaintiff.

DATED this 4th day of January, 2012.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge